UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHBRITT, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK GHILARDUCCI, et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04612-JSC<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

AshBritt Inc. ("Plaintiff") brings a Section 1983 action against Mark Ghilarducci and Ken DaRosa (collectively, "Defendants") alleging First Amendment retaliation, violation of the 14th Amendment Privileges and Immunities Clause, as well as violation of unspecified California procurement law.[1]  Defendants' motion to dismiss Plaintiff's second cause of action for declaratory relief based on violation of the Privileges and Immunities Clause is now pending before the Court.  (Dkt. No. 12.)  After carefully considering the amended complaint and the parties' written submissions, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the October 8, 2020 hearing, and dismisses the complaint with leave to amend.

## BACKGROUND

### A. First Amended Complaint Allegations

Plaintiff is a Florida Corporation engaged in the business of disaster recovery and response services.  (Dkt. No. 4, First Amended Complaint ("FAC"), ¶ 4.)[2]  Mr. Ghilarducci is the Director

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. Section 636(c).  (Dkt. Nos. 8 and 11.)

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

of California Governor's Office of Emergency Services ("OES"), and Mr. DaRosa is the Acting Director of the California Department of Resources Recycling and Recovery ("CalRecycle"). (FAC ¶¶ 5-6.)

CalRecycle engaged Plaintiff to perform cleanup services in Lake County in 2015. (FAC ¶ 16.) During a conference call with Mr. Ghilarducci, Plaintiff's Chairman of the Board, Randy Perkins, criticized the way the state paid its contractors. (FAC ¶ 16.) In a subsequent call, Mr. Ghilarducci stated that he would ensure, to the best of his ability, that Plaintiff would not work in the state of California. (FAC ¶ 16.) Plaintiff contends that since Mr. Ghilarducci's statement, CalRecycle has rejected all of Plaintiff's bids to work on debris removal projects. (FAC ¶ 17.)

In May 2020, OES gave CalRecycle the authority to manage a tree removal, transport, and disposition project in Butte County. (FAC ¶ 11.) CalRecycle issued an invitation for independent contractors to submit bids to work on the project. (FAC ¶10.) This invitation included a "California Only Restriction" which limits eligibility for bid acceptance to local and California-based corporations. (FAC ¶ 12.) Due to Mr. Ghilarducci's 2015 statement, Plaintiff believes that the "California Only Restriction" has been implemented to exclude Plaintiff from bidding on the project. (FAC ¶ 15.)

**B. Procedural Background**

Plaintiff filed the complaint in this action on July 10, 2020. (Dkt. No. 1.) Three days later, Plaintiff filed its First Amended Complaint which alleges two claims for relief: (1) violation of 42 U.S.C. § 1983 and the Privileges and Immunities Clause of Article IV of the Constitution, *see* U.S. Const. art. IV, § 2, cl. 1.; and (2) for declaratory relief. Plaintiff seeks a declaration that (1) Defendants violated its First Amendment right to be free from retaliation by excluding Plaintiff from being eligible for work based on the "California Only Restriction" and (2) the "California Only Restriction" violates California procurement law and the Privileges and Immunities Clause of Article IV; as well as an order prohibiting the "California Only Restriction." (FAC ¶ 29(a-b).) Defendants' motion to dismiss followed. (Dkt. No. 12.)

**DISCUSSION**

Defendants move to dismiss Plaintiff's second claim for declaratory relief because Plaintiff, as a corporation, does not have standing to bring a claim under the Privileges and Immunities Clause.

The Privileges and Immunities Clause provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. It bars "discrimination against citizens of other states where there is no substantial reason" beyond the fact that a person is an out-of-state citizen. *Toomer v. Witsell*, 334 U.S. 385, 396 (1948). However, "[a] corporation . . . is not a citizen within the meaning of the [P]rivileges and [I]mmunities clause." *Grosjean v. Am. Press Co.*, 297 U.S. 233, 244 (1936) (internal citation omitted); *see also Shell Oil Co. v. City of Santa Monica*, 830 F.2d 1052, 1058 n.7 (9th Cir. 1987) (noting that corporations are not "citizens" for purposes of the Privileges and Immunities Clause). Plaintiff alleges it is a corporation. (*See* FAC ¶ 4.) ("AshBritt, Inc. [] is a Florida Corporation . . . ."). Therefore, Plaintiff, as a corporation, cannot bring a claim based on a violation of the Privileges and Immunities Clause.

Plaintiff does not refute that the Privileges and Immunities Clause is inapplicable to corporations; instead, it contends that it can state a claim under the Privileges and Immunities Clause because the restriction at issue targets individuals by providing that no bidder is eligible for consideration unless "the owners, of officers of the entity, if the entity is a corporation, are domiciled in California." (FAC ¶ 12.) But this alleged fact does not change the legal conclusion that Plaintiff, as a corporation, has no standing to bring an action based on a violation of the Privileges and Immunities Clause. *See Merrifield v. Lockyer*, 547 F.3d 978, 980 n.1 (9th Cir. 2008) (noting the plaintiff, a corporation, lacked standing to bring a Privileges and Immunities claim) (internal citation omitted). Plaintiff's reliance on *C.S. McCrossan Const., Inc. v. Rahn*, 96 F. Supp. 2d 1238, 1247 (D.N.M. 2000), is misplaced. The *McCrossan* court found it was the majority shareholder individual's rights, *not* the corporate plaintiff's rights, that had been violated. *Id.* at 1247. In fact, the corporate plaintiff conceded that it had no standing to state a claim for relief under the Privileges and Immunities Clause. *Id.* at 1245 n.5.

Plaintiff argues in the alternative that the Court cannot dismiss the declaratory relief claim outright because it is also based on violation of Plaintiff's First Amendment rights and California procurement law.  (FAC ¶ 28 ("the [California Only R]estriction was inserted in retaliation for its exercise of First Amendment rights, and is impermissible under the anti-competition provisions in governing California procurement law.").)  The difficulty with this argument is that the complaint nowhere identifies the California procurement law to which Plaintiff refers.  Further, if the California-only provision was enacted to retaliate against Plaintiff, that might violate Plaintiff's First Amendment rights, but it is unclear how that would lead to a declaration that the provision itself is unconstitutional.  It is also puzzling, however, that Defendants did not move to dismiss the first cause of action to the extent it is based on a violation of the Privileges and Immunities Clause, which it clearly is.  (FAC ¶ 24.)

In any event, the Court is ruling that Plaintiff, as a corporation, does not have standing to bring claims based on a violation of the Privileges and Immunities Clause. Thus, Plaintiff should amend its complaint, if it can, to allege claims based on legal theories other than violations of the Privileges and Immunities Clause.

## CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED in accordance with this Order.  Plaintiff shall file its amended complaint within 20 days of the date of this Order.  Plaintiff shall plead separate legal theories in separate causes of action.

This Order disposes of Docket No. 12.

**IT IS SO ORDERED.**

Dated: September 25, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge