ROGERS JOSEPH O'DONNELL
John G. Heller (State Bar No. 129901)
jheller@rjo.com
Joshua M. Deitz (State Bar No. 267454)
jdeitz@rjo.com
311 California Street, 10th Fl.
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Plaintiff
ASHBRITT INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHBRITT INC., a Florida Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK GHILARDUCCI, Individually and as Director of the California Governor's Office of Emergency Services; KEN DAROSA, Individually and as Acting Director of the California Department of Resources Recycling and Recovery,<br><br>　　　　　Defendants. | Case No.: 3:20-cv-04612<br><br>SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1.　When AshBritt Inc.'s chairman Randy Perkins openly criticized the State of California's wasteful disaster relief spending practices in 2015, he received a startling rebuke. As long as he was the Director of the Office of Emergency Services, Mark Ghilarducci warned, AshBritt would never work in California.

2.　Five years later, after Perkins has continued to speak out and AshBritt has challenged in court its exclusion from government projects, Ghilarducci has made good on the threat. At his instigation or with his approval, OES has directed CalRecycle to issue a solicitation on a state project to remove trees charred by the Butte County Camp Fire that

includes a "California Only Restriction," limiting bidders to those entities that are based in California or can satisfy strict standards showing a connection to the state. AshBritt, otherwise qualified and experienced, is ineligible.

3. The "California Only Restriction" was imposed to ensure that AshBritt could not bid on the Camp Fire clean-up contract, and this was done to retaliate against it because its representative spoke out on issues of governmental waste and inefficiency and because it challenged in court the rejection of its bids on other projects. This retaliation violates the First Amendment of the Unites States Constitution, entitling AshBritt to relief under 42 U.S.C. section 1983.

4. Seeking to establish a legitimate justification for the "California Only Restriction," the governmental entities under defendants' control argue that the restriction is authorized by a November 2018 proclamation by former Governor Jerry Brown suspending California's competitive bidding requirements "to the extent necessary for expediting the removal and cleanup of debris from the wildfires[.]" That purported justification fails because at this point, nearly two years after the proclamation, emergency circumstances no longer exist to justify the departure from established California prohibiting provisions in government solicitations that have the effect of suppressing competition. As CalRecyle has publicly acknowledged, the removal and cleanup and debris referenced in Governor Brown's proclamation had been completed by November 2019.

## PARTIES

5. AshBritt Inc. ("AshBritt") is a Florida Corporation with its principal place of business in Deerfield Beach, Florida, engaged in the business of disaster recovery and response services.

6. Defendant Mark Ghilarducci is the Director of the California Governor's Office of Emergency Services ("OES"). On information and belief, Ghilarducci exercised control and has authority over the terms and provisions of the government contract solicitation that is the subject of this action.

7. Defendant Ken DaRosa is the Acting Director of the California

Department of Resources Recycling and Recovery ("CalRecycle"). On information and belief, DaRosa had responsibility for developing or approving the government contract solicitation that is the subject of this action, and has authority over its terms and provisions.

8. Plaintiffs are informed and believe that in taking the actions alleged in this complaint, each of the defendants was at all times acting as the actual and ostensible agent of each of the other defendants, with knowledge of, and on the instructions of each other defendant, and within the scope of his or her authority.

## JURISDICTION AND VENUE

9. This is a civil action seeking damages, declaratory and injunctive relief against defendants for the commission of acts, under color of state law, that deprived AshBritt of rights secured under the Constitution and laws of the United States. The Court has jurisdiction over these claims pursuant to 28 U.S.C. section 1343(a)(3) and (a)(4), 28 U.S.C. section 1331(a), and 42 U.S.C. section 1983. This Court also has jurisdiction based on the diversity of the parties pursuant to 28 U.S.C.§ 1332(a) because there is a complete diversity of citizenship between the plaintiff and each of the defendants and the amount in controversy exceeds $75,000.

10. Venue in this Court is proper pursuant to California Code of Civil Procedure section 401.

## GENERAL ALLEGATIONS

11. On May 20, 2020, CalRecycle issued an invitation for bids for work on a project entitled "Tree Removal Services for the Camp Fire in Butte County," DRR 19067. This invitation for bids is sometimes referred to in this complaint as the "Solicitation" or the "IFB," and the tree removal project is referred to as the "Project."

12. CalRecycle issued the Solicitation after having been tasked by OES to manage the removal, transport, and disposition of certain fire-related trees from properties affected by the 2018 Camp Fire in the Town of Paradise and Butte County. The deadline for entities to bid on the work was July 20, 2020.

13. The Solicitation seeks to exclude non-California entities from bidding

on the Project. It states that to "encourage the economic recovery and well-being of the residents of an area where a disaster or state of emergency has been declared, CalRecycle encourages local and California-based contractors to bid on this IFB." Under the provision entitled "California Only Restriction," the Solicitation limits eligibility to a "business or corporation whose principal office is located in California, and the owners, or officers if the entity is a corporation, are domiciled in California," or a "business or corporation that has a major office or manufacturing facility located in California and that has been licensed by the state on a continuous basis to conduct business within the state and has continuously employed California residents for work within the state during the three years prior to submitting a bid or proposal for a state contract." This restriction on eligibility applies to any entity that bids as a prime contractor, that performs work as a subcontractor and that is a member of a joint venture that seeks to perform Project works as either a prime or subcontractor.

14. AshBritt is qualified and experienced in the disaster relief and removal services that will be performed in the project. It would have submitted a bid, sought to perform work on the contract, and performed such work, had it not been ineligible under the "California Only Restriction."

15. AshBritt and other prospective bidders have challenged the "California Only Restriction" by questioning its validity in inquiries to CalRecycle, including on the ground that it violates California procurement law that prohibits anti-competitive solicitations. CalRecycle has responded by invoking an emergency proclamation and executive order issued by then-California Governor Brown as to the Camp Fire that suspended the application of such law "only to the extent necessary for expediting the removal and cleanup of debris from the wildfires[.]" But as confirmed in one of CalRecycle's public announcements, this "removal and cleanup of debris" was completed by no later than November 2019.

16. The "California Only Restriction" was included in the Solicitation at the direction or acquiescence of Ghilarducci and DaRosa for the express purpose of excluding

AshBritt, in retaliation for expressive and petitioning activity by AshBritt and its Chairman of the Board, Randy Perkins, on matters of public interest, as detailed below.

17. In the fall of 2015, AshBritt was engaged by Lake County to perform cleanup services related to the Butte Fire, at the same time that related work was being performed by other contractors hired by the State. On a conference call with Ghilarducci and Diana Dooley, the Chief of Staff to then-Governor Jerry Brown, Perkins pointedly criticized the wasteful and inefficient basis on which the State was paying its contractors. Ghilarducci took offense at Perkins's critique, and the call became heated, forcing Dooley to intervene. In a subsequent phone conversation with Perkins, Ghilarducci made it clear that Perkins and his company would pay a price for speaking out. "As long as I am Director," he said or in words to that effect, "you'll not work in the State."

18. Since then, AshBritt has bid on recovery and debris removal projects managed by CalRecycle, and has been rejected on each occasion. It has availed itself of the judicial process by protesting these awards, including accusing CalRecycle of making last-minute changes to the bid process that allowed the winning bidder to use knowledge it had obtained in a separate project to submit a bid that appeared lower, but which would ultimately be more costly to the State and its taxpayers. AshBritt's Chairman Perkins was quoted in the press as saying that the State and successful bidder had "gamed one line item (so that) the cheap bid becomes the most expensive item. . . . These contracts are going to double in size."

FIRST CAUSE OF ACTION

(Violation of Civil Rights Under 42 U.S.C. § 1983)

(Against All Defendants in Their Individual Capacities)

19. AshBritt incorporates and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

20. AshBritt, directly and through its designated representative, has engaged in expressive and petitioning activity protected by the First Amendment of the United States Constitution, including public comments critical of CalRecycle—and OES by implication—for failing to carry out obligations owed to the State and its citizens.

Page 5
CASE NO: 3:20-cv-04612      SECOND AMENDED COMPLAINT
520767.2

21. Ghilarducci and DaRosa have taken adverse action against AshBritt by excluding it from eligibility for work on the Project by including the "California Only Restriction" in the Solicitation.

22. The expressive and petitioning activity of AshBritt and its representatives is a substantial or motivating factor for the adverse action taken by Ghilarducci and DaRosa.

23. As a direct and proximate result of defendants' retaliation against AshBritt for expressive activity protected by the First Amendment, AshBritt has and will suffer financial loss in an amount to be determined but in excess of the jurisdictional minimum of this court.

24. In carrying out these unconstitutional acts, and in implementing the restriction in the Solicitation, defendants acted intentionally, recklessly, oppressively, unjustifiably, and with gross and deliberate indifference to AshBritt's constitutional rights, justifying an award of punitive damages.

## SECOND CAUSE OF ACTION

(Declaratory Relief – 42 U.S.C. § 1983 and FRCP 57)

(Against All Defendants in Their Official Capacities)

25. AshBritt incorporates and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

26. Under established precedent, 42 U.S.C. § 1983 is a proper vehicle through which to bring a declaratory judgment action. *See Steffel v. Thompson,* 415 U.S. 452, 454, 475 (1974). Under Federal Rules of Civil Procedure, Rule 57, the existence of other potential remedies do "not preclude a declaratory judgment that is otherwise appropriate."

27. There exists an actual, present and justiciable controversy between plaintiffs and defendants concerning their rights and duties with respect to the "California Only Restriction," including whether the restriction constitutes an unconstitutional act of retaliation based on the exercise of First Amendment rights. AshBritt contends that the restriction was included to render it ineligible to bid on the Camp Fire contract because its

representative had spoken out publicly on a matter of public concern and because AshBritt had exercised its right of petition to challenge the denial of its bids to perform work on other contracts. On information and belief, defendants deny these contentions, and claim that the restriction was authorized by then-Governor Brown's November 2018 proclamation and included in the Solicitation for lawful and legitimate reasons.

28. This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal rights and obligations that govern their present and future conduct.

THIRD CAUSE OF ACTION

(Declaratory Relief – California Procurement Statutes and Decisional Law and FRCP 57)

(Against All Defendants in Their Official Capacities)

29. AshBritt incorporates and realleges each and every allegation contained in the preceding paragraphs as if set forth fully herein.

30. In their attempt to justify the validity of the "California Only Restriction," defendants and the entities for which they are responsible take the position that the restriction is fully compliant with applicable California procurement law.

31. AshBritt disputes this position, relying in part on the following statutory and decisional law:

    a. California Public Contracts Code § 100 confirms the legislative objective of "provid[ing] all qualified bidders with a fair opportunity to enter the bidding process, thereby stimulating competition in a manner conducive to sound fiscal practices" and "eliminat[ing] favoritism, fraud, and corruption in the awarding of public contracts[.]"

    b. Consistent with this objective, Public Contracts Code § 10335(a) requires competitive procurements for state contracts worth $5,000 or more.

    c. State contract solicitations must provide for "full and fair competitive bidding" and may not include "restrictions tending to stifle competition." *Konica Bus. Machs. U. S. A. v. Regents of Univ. of Cal.*, 206

Cal. App. 3d 449, 456 (1988).

        d.     California's competitive bidding laws have "the purpose of inviting competition, to guard against favoritism, improvidence, extravagance, fraud and corruption, and to secure the best work or supplies at the lowest price practicable … and should be so construed and administered as to accomplish such purpose fairly and reasonably with sole reference to the public interest." *Domar Electric, Inc. v. City of Los Angeles*, 9 Cal. 4th 161, 173 (1994). "Given this strong public policy, any exception to competitive bidding requirements should be strictly construed." *Unite Here Local 30 v. Dep't of Parks & Recreation*, 194 Cal. App. 4th 1200, 1209 (2011).

        e.     California's "competitive bidding requirements 'necessarily imply equal opportunities to all whose interests or inclinations may impel them to compete at the bidding.'" *Domar Elec., Inc.*, 9 Cal. 4th at 173. A provision in a solicitation is improper where it has the "anticompetitive effect of excluding from the project, or denying equal opportunity to, any categories of potential bidders." *Associated Builders & Contractors, Inc. v. San Francisco Airports Com.*, 21 Cal. 4th 352, 366 (1999).

32.     Defendants and the entities that they direct have not disputed the applicability of these laws, but rely on the emergency orders issued regarding the Camp Fire to justify this anti-competitive restriction on potential bidders. (*See* DRR19103 Addendum No. 1, issued May 18, 2020) They rely on the Governor's Proclamation of a State of Emergency pertaining to the Camp Fire dated November 8, 2018, which states that "[a]pplicable provisions of the Government Code and the Public Contract Code, including but not limited to travel, advertising, and competitive bidding requirements, are suspended to the extent necessary to address the effects of the Camp Fire." Proclamation at ¶ 3.

33.     AshBritt, in turn, disputes the validity of defendants' position, contending that the Proclamation, by its terms, suspends governing procurement law only "to the extent necessary" to address the effects of the Camp Fire, which started on November 8,

2018, and was fully contained on November 25, 2018. It maintains, among other things, that (a) the "California Only Restriction" does not serve any valid purpose or legitimate objective in carrying out tree removal services, (b) there is no basis for concluding that California-based entities can perform the work faster, more effectively or more efficiently, (c) California's issuance of General Class A and License Timber Operator licenses to non-California companies that carry out this type of work invalidates any argument that California-based companies are more effective or efficient, and (d) defendants' reliance on the November 2018 proclamation is undercut by CalRecycle's public announcements that the "removal and cleanup of debris" of the Camp Fire was completed by November 2019.

34. On this basis, AshBritt contends that defendants' purported reliance on Governor Brown's proclamation to validate the anti-competitive "California Only Restriction" is untenable, their attempt to circumvent governing California law is not viable, and this pretextual justification supports a finding that the restriction was motivated by illegitimate objectives, including in substantial part an attempt to retaliate against AshBritt, an out-of-state entity that had exercised speech and petition rights to challenge governmental actions and decisions.

35. There therefore exists an actual, present and justiciable controversy between plaintiffs and defendants concerning their rights and duties under California procurement law with respect to the "California Only Restriction" in the Solicitation.

36. This controversy is ripe for judicial decision, and declaratory relief is necessary and appropriate so that the parties may know the legal rights and obligations that govern their present and future conduct.

WHEREFORE, AshBritt prays for judgment against defendants, and each of them as follows:

a. Awarding compensatory, nominal and punitive damages according to proof as against each defendant, jointly and severally;

b Declaring that the acts and omissions described herein violated AshBritt's rights under the Constitution and laws of the United States and 42 U.S.C. § 1983;

  c. Declaring that the "California Only Restriction" violates California procurement law that prohibits anti-competitive solicitation provisions;

  d. Issuing an injunction prohibiting the Solicitation to proceed in its present form and on its current schedule, cancelling any contracts awarded, and directing that the infirm "California Only Restriction" be removed, so that entities presently disqualified under that Restriction, such as AshBritt, may submit bids and have them considered on their merits;

  e. Awarding attorney's fees and costs; and

  f. Awarding such and other further relief as the Court deems appropriate.

Dated: October 15, 2020    ROGERS JOSEPH O'DONNELL

By: *[signature]*

John G. Heller

Attorneys for Plaintiff
ASHBRITT INC.

## DEMAND FOR JURY TRIAL

Plaintiff AshBritt Inc. hereby demands a trial by jury on all issues so triable.

Dated: October 15, 2020    ROGERS JOSEPH O'DONNELL

By: *[signature]*

John G. Heller

Attorneys for Plaintiff
ASHBRITT INC.